Case 2:21-cv-00024   Document 13   Filed on 04/06/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUIRINO TORRES, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00024 |
| FREDIE BULLOCK, *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Quirino Torres, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated First Amendment claims for denial of access to the courts against **Lieutenant Fredie Bullock and Sergeant Flores** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service on these defendants.

For the reasons set forth below, the undersigned further recommends that: (1) Plaintiff's claim against the Bee County Jail be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

(2)  Plaintiff's claims against **Defendants Bullock and Flores** in their official capacities be **DISMISSED with prejudice**; and (3) Plaintiff's claims asking for criminal charges to be brought against certain individuals be **DISMISSED**.

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee at the Bee County Jail in Beeville, Texas.  His claims in this lawsuit arise in connection with his current confinement.  In this action, Plaintiff sues the Bee County Jail as well as two jail officials, Lt. Bullock and Sgt. Flores.  (D.E. 1, pp. 1, 3).

Plaintiff alleges that in his original complaint, from January 7, 2021 until February 9, 2021, he has been denied face-to-face contact with a lawyer, legal phone calls, various legal forms to request an attorney or proceed *pro se*, and requests for grievances.  (D.E. 1, p. 4).  Plaintiff alleges that: (1) Lt. Bullock refused to allow Plaintiff phone calls from his attorney or to allow access to legal materials; (2) Sgt. Flores denied Plaintiff's "request for legal writs and info"; and (3) the Bee County Jail has denied Plaintiff "legal instruments or aid." (D.E. 1, p. 4).  Plaintiff seeks monetary relief.

At the Court's request, Plaintiff supplemented the complaint with a More Definite Statement of his claims. (D.E. 11). Plaintiff alleges the following in his More Definite Statement.

Plaintiff has been confined at the Bee County Jail since October 12, 2020, on charges of possessing an unknown substance and possessing a firearm as a felon. An attorney was appointed to represent Plaintiff on March 10, 2021. Plaintiff met with the attorney, Abner Burnette, to discuss whether Plaintiff wanted representation, about his length of incarceration, and about his writ of mandamus.

Plaintiff does not have access to a law library at the jail or available access to legal materials. Plaintiff stated that he made a written "request for legal motions" with Sgt. Flores yet nothing "legal was received" by Plaintiff. (D.E. 11, p. 1). Plaintiff's other requests for legal materials, grievances, legal calls, and pens have been denied. Plaintiff's requests to speak with a county magistrate on issues of bond reduction and release from jail have been ignored or denied as has his attempts to act *pro se* from January 7, 2021 through March 10, 2021.

Plaintiff reiterates in his More Definite Statement that: (1) Lt. Bullock has denied his requests for legal calls, paperwork, and to report and file certain charges; and (2) Sgt. Flores has failed to provide Plaintiff with the proper legal aids and materials. Plaintiff seeks to pursue criminal charges against an individual identified as Jacob Allen Gaines and other unidentified officials.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."

*Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.   **DISCUSSION**

   **A. Bee County Jail**

Plaintiff names the Bee County Jail as a defendant. The jail, however, is not an entity capable of being sued. *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939

F.2d 311 (5th Cir. 1991)). Accordingly, to the extent Plaintiff seeks to sue the Bee County Jail, the undersigned recommends that his claims against this entity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Official Capacity Claims

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Defendant Bullock or Flores in their official capacities, it is effectively a suit against the officials' office, Bee County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute Bee County on behalf of Defendants Bullock and Flores in their official capacities, Plaintiff would not be able to state a § 1983 claim against Bee County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving

force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Bullock and Flores in their official capacities be dismissed with prejudice.

### C. Criminal Charges

In addition to monetary relief, Plaintiff indicates in his More Definite Statement that he would like to pursue criminal charges against an individual identified as Jacob Allen Gaines and perhaps other individuals. Prisoners, however, have no constitutional right to compel the criminal prosecution of someone else. *Hicks v. Bingham*, No. No. 6:18cv308, 2018 WL 6238003, at *3 (E.D. Tex. Sept. 21, 2018) (citing *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1991)). Private citizens lack any justicially cognizable interest in prosecuting individuals. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, an individual cannot seek criminal prosecution even if he or she was the victim of a criminal offense committed by another. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). Because Plaintiff cannot pursue criminal charges being brought against Gaines or any of the named defendants, it is respectfully recommended that his claim seeking such charges be dismissed.

### D. Denial of Access to Court

Plaintiff's various allegations against Defendants Bullock and Flores amount to his attempt to raise a First Amendment claim for denial of access to the courts. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones*, 188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions, validity of confinement, or conditions of confinement).

"The right of access to court applies to both convicted prisoners and pretrial detainees who are jailed pending trial." *Fox v. Campbell*, No. 6:09cv75, 2009 WL 1076809, at *2 (E.D. Tex. Apr. 21, 2009) (citing *United States v. Maya-Gomez*, 860 F.2d 706, 743 (7th Cir. 1988)). "A county satisfies the duty with respect to indigent pretrial detainees by appointing an attorney to represent them." *Id.* (citing *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). If the pretrial detainee is not provided with adequate assistance from someone trained in the law, the county must provide the detainee with an adequate law library. *Id.* (citing *Green v. Ferrell*, 801 F.3d 765, 772 (5th Cir. 1986) and *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985)).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313,

317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

In this case, Plaintiff's alleges that he was a pretrial detainee at the Bee County Jail from October 12, 2020 through March 10, 2021, when counsel was finally appointed to represent him. Plaintiff's allegations further indicate that during this five-month time frame when he was acting without appointed counsel: (1) Plaintiff did not have access to either a law library of legal materials; (2) Defendants Bullock and Flores denied Plaintiff's requests for legal phone calls, legal materials and forms so that he could file appropriate pleadings or motions with respect to his criminal prosecution; and (3) Plaintiff's requests to speak with a county magistrate on issues of bond reduction and release from jail were either ignored or denied. These allegations, accepted as true, suggest that Plaintiff may have stated an actionable injury resulting from not being able to challenge his bond and/or current confinement in state court.

Accordingly, the undersigned recommends retaining Plaintiff's First Amendment claims for denial of access to courts against Defendants Bullock and Flores in their individual capacities.

## V. RECOMMENDATION

For the reasons stated above and for purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a First Amendment claim for denial of access to the courts against **Lt. Fredie Bullock and Sgt. Flores** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service as to these defendants by separate order.

For the foregoing reasons, the undersigned further recommends that: (1) Plaintiff's claim against the Bee County Jail be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); (2) Plaintiff's claims against **Defendants Bullock and Flores** in their official capacities be **DISMISSED with prejudice**; and (3) Plaintiff's claims asking for criminal charges to be brought against certain individuals be **DISMISSED**.

Respectfully submitted on April 6, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).