UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUIRINO TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-024 |
| | § | |
| FREDIE BULLOCK, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING, AS MODIFIED, MEMORANDUM AND RECOMMENDATION TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On April 6, 2021, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation to Retain Case and Dismiss Certain Claims (M&R, D.E. 13), recommending retention of only one claim: Plaintiff's First Amendment claim for denial of access to the courts against Lt. Fredie Bullock and Sgt. Flores in their individual capacities. The M&R recommends that: (1) Plaintiff's claim against the Bee County Jail be dismissed with prejudice; (2) Plaintiff's claims against Defendants Bullock and Flores in their official capacities be dismissed with prejudice; and (3) Plaintiff's claims asking for criminal charges to be brought against certain individuals be dismissed.

Plaintiff was given notice and an opportunity to object, with a deadline of April 20, 2021. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No

objections have been timely filed. When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

A pro se inmate's pleading must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To obtain relief under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As the M&R recognizes, a person who is detained in jail has a First Amendment right to a law library or legal materials, a right that Plaintiff alleges has been denied. *See* D.E. 13, p. 8. Indeed, the Magistrate Judge retained this claim with respect to Plaintiff's claims against the named individuals in their individual capacities.

However, the M&R recommends dismissal of a similar claim against the Bee County Jail and the individuals in their official capacities because of the need to plead a policymaker and policy, practice, or custom that was the moving force behind the deprivation of Plaintiff's rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Given the liberal construction to be given to the pro se pleading when undergoing initial screening, the Court does not rule out a claim that materials were not available to support Plaintiff's access to the courts, implicating a county policy of failing

to provide the means to exercise a well-established constitutional right.

The screening process is not intended to eliminate potentially cognizable claims that are defectively pleaded because of an inmate's lack of legal training and/or lack of access to legal research resources. The Fifth Circuit "has recognized that the PLRA was intended 'only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors.'" *Walp v. Scott*, 115 F.3d 308, 310 (5th Cir. 1997) (quoting *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)).

The remaining question, then, is whether Plaintiff named a proper party for this claim. The county can be substituted as the real party in interest when a pro se plaintiff files a claim against a county jail or county employee in an official capacity, as Plaintiff did here. *See Brown v. City of Hous., Tex.,* CV H-17-1749, 2019 WL 7037391, at *4 (S.D. Tex. Dec. 20, 2019); *Myles v. Classification*, CIV.A. H-04-4221, 2006 WL 456257, at *1 (S.D. Tex. Feb. 23, 2006). Therefore, for purposes of screening the pleading only, the Court holds that Plaintiff may maintain a claim against Bee County for a First Amendment violation in failing to provide constitutionally required legal materials to support his access to the courts. This does not preclude the parties from seeking or obtaining an order requiring that Plaintiff plead this claim with greater specificity.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation for clear error, the Court **MODIFIES** the treatment of the official capacity/*Monell* claim and otherwise **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court:

- **RETAINS** Plaintiff's First Amendment claim for denial of access to the courts against Lt. Fredie Bullock and Sgt. Flores in their individual capacities and against Bee County (as substitute Defendant for Bee County Jail and Lt. Bullock and Sgt. Flores in their official capacities); and

- **DISMISSES** Plaintiff's claims asking for criminal charges to be brought against certain individuals.

The Magistrate Judge will ensure that appropriate orders for service issue consistent with this Order against Bee County.

ORDERED this 4th day of May, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE